IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDNA MARTIN and MURRAY MARTIN, | * |
| | * |
| PLAINTIFFS | |
| | * |
| VS | CIVIL ACTION NO: 1:08CV96-WKW |
| | * |
| UNITED STATES OF AMERICA; DEPARTMENT OF ARMY ARMY AND AIR FORCE EXCHANGE SERVICE, and instrumentality of the Department of the Army and of the Air Force and G&K SERVICES, INC. | * |
| | * |
| | * |
| DEFENDANTS. | * |

## ANSWER OF G&K SERVICES, INC.

COMES NOW the Defendant, G&K Services, Inc. (hereinafter "defendant") and pursuant to the Federal Rules of Civil Procedure, responds to Plaintiffs' Complaint as follows:

1. Paragraph 1 does not appear to require a response from defendant. However, to the extent that paragraph 1 contains any allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

2. Paragraph 2 does not appear to require a response from defendant. However, to the extent that paragraph 2 contains any allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

3. Paragraph 3 does not appear to require a response from defendant. However, to the extent that paragraph 3 contains any allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

4. Defendant does not contest jurisdiction over it by this Court.

5. Defendant is without sufficient information to either admit or deny any allegations contained in paragraph 5, and therefore denies the same and demands strict proof thereof.

6. Paragraph 6 does not appear to require a response from defendant. However, to the extent that paragraph 6 contains any allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

7. Defendant admits that it is a Minnesota corporation with its principal place of

        business in Minnesota and that it has done business in the state of Alabama. To the extent that paragraph 7 contains any additional allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

8. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies the same and demands strict proof thereof.

9. Defendant denies the material allegations contained in paragraph 9 and demands strict proof thereof.

10. To the extent that paragraph 10 contains allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

11. To the extent that paragraph 11 contains allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

12. To the extent that paragraph 12 contains allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

13. To the extent that paragraph 13 contains allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

14. To the extent that paragraph 14 contains allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

15. To the extent that paragraph 15 including sub-paragraphs (a) through (d) contain allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

16. To the extent that paragraph 16 contains allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

17. Defendant denies the material allegations of paragraph 17 and demands strict proof thereof.

18. Defendant denies the allegations contained in paragraph 18 and demands strict proof thereof.

19. Defendant denies the allegations contained in paragraph 19 and demands strict proof thereof.

20. Defendant denies the allegations contained in paragraph 20 and demands strict proof thereof.

21. To the extent paragraph 21 contains allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

22. Defendant denies the allegations contained in paragraph 22 and demands strict

        proof thereof.

23.    To the extent paragraph 23 contains allegations against this defendant, those allegations are denied and defendant demands strict proof thereof.

24.    Defendant denies the allegations contained in paragraph 24 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    To the extent not admitted to herein, Defendant denies all allegations made against it by Plaintiffs.

2.    The complaint fails to state a claim for relief, which can be granted.

3.    Defendant pleads intervening and superseding cause.

4.    The condition complained of was open and obvious and therefore defendant owed no duty to warn of it.

5.    Plaintiff herself was guilty of contributory negligence.

6.    Defendant's actions were not the proximate cause of plaintiffs' injuries.

7.    Defendant pleads assumption of the risk.

8.    Defendant pleads failure to mitigate.

9.    Defendant demands credit for any off-set for any and all claims made under any collateral sources to or on behalf of the Plaintiffs.

10.   To the extent made, plaintiffs' claims for punitive damages is barred by the provisions of 15 U.S.C. § 1681n.

11.   Plaintiffs' claims are barred by the equitable doctrine of waiver, latches, estoppel, ratification, acquiescence, modification and/or release.

12.   To the extent that the Plaintiffs' Complaint demands punitive damages and such damages might or could be awarded against this Defendant in this action, the award of punitive damages under Alabama Law and procedure violates the 4th, 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States and § 1, 6, 10, 13, 15, and 22 of Article I of the Alabama Constitution of 1901, on the following separate and several grounds:

(a)    The standard governing when punitive damages may be awarded against a defendant in a civil action in Alabama violates the Due Process Clause of the 14th Amendment of the United States Constitution and Article I of the Alabama Constitution;

(b)    The award of punitive damages under the law of Alabama in a civil action

      violates the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(c)    The award of punitive damages under Alabama law against a civil defendant, without providing to that defendant all of the protections guaranteed to a person accused of a crime, violates the Due Process Clause of the 14th Amendment and the requirements of the 5th and 6th Amendments of the Constitution of the United States;

(d)    The award of punitive damages under Alabama law against a defendant for the wrong doing of another person violates the Due Process Clause of the 14th Amendment of the Constitution of the United States;

(e)    The award of punitive damages against a principal for the misconduct of an agent violates the due process clause of the 14th Amendment and constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution;

(f)    The award of punitive damages in Alabama under any standard of proof less stringent than "beyond a reasonable doubt" violates both the Due Process Clause of the 14th Amendment and the prohibition against cruel and unusual punishment in the 8th Amendment of the Constitution of the United States;

(g)    The Alabama standards defining wanton conduct are impermissibly vague and the award of punitive damages based upon a claim of wantonness under Alabama law violates the Due Process Clause of the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(h)    The award of punitive damages under Alabama law violates the Excessive Fines Clause of the 8th Amendment to the United States Constitution and the Excessive Fines Clause of the Alabama Constitution;

(i)    The award of punitive damages as claimed by the Plaintiff would violate the Defendant's rights to substantive and procedural due process of law;

(j)    The award of punitive damages based upon the evil intent of another, who was acting in an unauthorized or unratified manner, violates the Due Process Clause of the 14th Amendment and the Equal Protection Clause of the same Amendment;

(k)    The procedures currently followed in Alabama fail to provide the means for awarding separate judgments against joint tort feasors;

(l)    The current procedures under Alabama law permit the multiple awards of punitive damages for the same alleged act;

(m)    Alabama law allows the award and imposition of punitive damages without requiring proof beyond a reasonable doubt that the Defendant intended to cause the Plaintiff's injuries;

(n)  The procedures and standards in Alabama do not adequately direct and limit the jury's discretion in awarding punitive damages in a civil action;

(o)  The procedures and standards in Alabama do not adequately direct and limit the trial court's discretion in reviewing the award and amount of punitive damages in a civil action;

(p)  Alabama law does not provide a clear and consistent appellate standard of review of an award of punitive damages; and the review of punitive awards by the Alabama Supreme Court does not remedy the defects in the award of punitive damages under Alabama law and does not protect civil defendants from arbitrary, unreasonable, and standardless punitive awards;

(q)  The procedures allowed and authorized under Alabama law permit the admission of evidence relative to the amount of punitive damages in the same proceeding during which liability and compensatory damages are determined, without a bifurcation of the trial into a separate liability phase and a punitive damage phase, and this practice deprives defendants of procedural and substantive due process of law under the Due Process Clause of the 14th Amendment of the United States Constitution;

(r)  The existing Alabama practice which allows the award of punitive damages against multiple defendants without apportionment of said damages based upon the culpability of each defendant deprives the defendant of equal protection of the law guaranteed under the 14th Amendment of the United States Constitution and deprives the defendant of due process of the law guaranteed under the same Amendment of the United States Constitution.

13.  The Defendant reserves the right to supplement its affirmative defenses.


    /s/ Caroline T. Pryor
CAROLINE T. PRYOR (PRYOC2802)
Attorney for Defendant, G & K SERVICES, INC.


OF COUNSEL:
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, Alabama  36526
Telephone: (251) 626-9340
Facsimile: (251) 626-8928
Email: cpryor@carrallison.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this 25th day of March, 2008, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and request the Court to serve the same electronically on the following:

M. Dale Marsh
MARSH, COTTER & STEWART, LLP
P.O. Box 310910
Enterprise, AL 36331
mdm@enterpriselawyers.com


A copy has been served on the following by United States mail:

Army & Air Force Exchange Service
Office of General Counsel
P.O. Box 50060
Dallas, Texas 75265-0060

United States of America & U.S. Army
c/o Honorable Leura Garrett Canary
United States Attorney
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101

Attorney General of the United States
U.S. Department of Justice
10th and Constitution Avenue
Washington, D.C. 20530


                              /s/   Caroline T. Pryor
                              OF COUNSEL