IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDNA MARTIN and MURRAY MARTIN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 1:08-cv-0096-WKW |
| THE UNITED STATES OF AMERICA, ) et. al., ) ) | |
| Defendants. ) | |

## ANSWER & CROSS - CLAIM OF DEFENDANT UNITED STATES

COME NOW the Defendants, United States of America, Army and Air Force Exchange Service and Department of Army, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answers the Complaint and further sets forth the cross - claim of the United States of America in the above-referenced case as follows:

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction.

### THIRD DEFENSE

The plaintiffs' claims are barred by the doctrine of sovereign immunity.

## SECOND DEFENSE

The Federal Defendants violated no actionable duty owed to the plaintiffs.

## THIRD DEFENSE

The plaintiffs' alleged injuries were, at least in part, the result of his/her own negligence.

## FOURTH DEFENSE

The injuries and/or damages claimed in the complaint were not proximately caused by a negligent or wrongful act of an employee of the United States of America.

## FIFTH DEFENSE

The Federal Defendants acted at all times as a reasonable occupier of land, and maintained its premises in a reasonably safe condition.

## SIXTH DEFENSE

The injuries and harm alleged by plaintiffs in the Complaint were not proximately caused by the negligent or wrongful acts of an agent or employee of the Federal Defendants.

## SEVENTH DEFENSE

The plaintiff's injuries, damages and losses, if any, were solely and proximately caused by the plaintiff's own conduct, including her failure to exercise ordinary, reasonable care for her safety and her inattentiveness to the open and obvious conditions of her immediate surroundings.

## EIGHTH DEFENSE

The plaintiffs' recovery in this case is barred by the Alabama law on contributory negligence.

## NINTH DEFENSE

The plaintiffs' recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act ("FTCA"), and their damages are limited to the sum certain set forth in their FTCA administrative claim.

## TENTH DEFENSE

Pursuant to 28 USC § 2412(d)(1)(A), the plaintiffs cannot recover attorneys' fees from the Federal Defendants.

## ELEVENTH DEFENSE

Pursuant to 28 USC § 2674, plaintiffs are proscribed from recovering any amount for pre-judgment interest against the Federal Defendants.

## TWELFTH DEFENSE

In the event any damages are awarded to the plaintiffs, the United States is entitled to an offset or credit for any benefits paid or to be paid to the plaintiffs by the United States and entities other than the United States.

**THIRTEENTH DEFENSE**

The United States affirmatively pleads and would show that in the event the plaintiffs establish any basis for recovery against the United States, the recoverable damages may not exceed the amount claimed administratively. 28 USC §2675(b).

**FOURTEENTH DEFENSE**

The plaintiffs failed to mitigate or minimize their damages, if any.

**FIFTEENTH DEFENSE**

The Federal Defendants reserve the right to raise any and all affirmative defenses, which may become available through discovery.

**SIXTEENTH DEFENSE**

The claims of plaintiff Murray Martin are solely derivative of the claims of Edna Martin such that a finding of no liability as to Edna Martin's claims precludes recovery by Murray Martin of any damages from the Federal Defendants.

**SEVENTEENTH DEFENSE**

The Federal Defendants are not liable for the negligent acts or omissions of its independent contractors.

**EIGHTEENTH DEFENSE**

NOW, having set forth certain of its defenses herein, the Federal Defendants respond to the numbered paragraphs of the plaintiffs' Complaint as follows:

**I.      Jurisdiction**

   1.     To the degree this paragraph is a statement regarding the Court's jurisdiction, it legal conclusions for which no answer is required. If, and to the degree an answer is deemed necessary, the Federal Defendants deny the same.

   2.     The Federal Defendants admit the plaintiffs signed SF - 95's, "Claim for Damage, Injury, or Death," on or about November 14, 2006, and that each plaintiff's claims were accepted.

   3.     The Federal Defendants admit that each plaintiff's claims were denied on or about October 2, 2007, but denies that it contended therein "that the injury to plaintiffs was caused by acts or omissions of an independent contractor." The Federal Defendants contended therein that there was no evidence that the plaintiffs' injuries were proximately caused by a negligent or wrongful omission of the United States' employees. The Federal Defendants admit the plaintiffs exhausted their administrative remedies.

   4.     To the degree this paragraph is a statement regarding the Court's jurisdiction, it calls for legal conclusions for which no answer is required. If, and to the degree an answer is deemed necessary, the Federal Defendants deny the same.

**II.     Identification of the Parties**

   5.     The Federal Defendants are without sufficient information to form an opinion regarding the truthfulness of the assertions in paragraph 5, therefore the defendants deny the same.

6. To the degree this paragraph is a statement regarding the Court's jurisdiction, it calls for legal conclusions for which no answer is required. If, and to the degree an answer is deemed necessary, the Federal Defendants deny the same.

7. The Federal Defendants are without sufficient information to form an opinion regarding the truthfulness of the assertions in paragraph 7, therefore the defendants deny the same.

## III.  Description of Events

8. The Federal Defendants are without sufficient information to form an opinion regarding the truthfulness of the assertions in paragraph 8, therefore the defendants deny the same.

9. The Federal Defendants admit that plaintiff Edna Martin was present at the Fort Rucker AAFES PX on February 14, 2006, but denies it had any knowledge of the alleged unreasonable dangerous condition and thus any duty to correct or warn the plaintiff of same, and further denies that any of the defendant's acts or omissions constituted negligence which was the proximate cause of the Plaintiffs' injuries . The Federal Defendants are without sufficient information to form an opinion regarding the truthfulness of the remaining assertions in paragraph 9, therefore the defendants deny the same. The Federal Defendants avers that the Plaintiff(s) had a sufficient clear and unobstructed view of the rug/mat prior to stepping thereon and therefore should have been able with reasonable care to discover any defect.

**IV.   Cause of Action Against United States of America and Army - Air Force Exchange Service**.

10.   The Federal Defendants adopt and incorporate by reference its responses to paragraphs 1 - 10.

11.   The Federal Defendants deny the allegations of paragraph 11 of the complaint.

12.   The Federal Defendants deny that any injuries, if sustained, were proximately caused by the negligent act or omission of a Federal employee acting in scope of official duty, but is without sufficient information to form an opinion regarding the truthfulness of the remaining assertions in paragraph 12, therefore the defendants deny the same.

13.   The Federal Defendants deny that any injuries, if sustained, were proximately caused the by the negligent act or omission of a Federal employee acting in scope of official duty, but is without sufficient information to form an opinion regarding the truthfulness of the remaining assertions in paragraph 13, therefore the defendants deny the same.

14.   The Federal Defendants deny that any injuries, if sustained, were proximately caused the by the negligent act or omission of a Federal employee acting in scope of official duty, but is without sufficient information to form an opinion regarding

the truthfulness of the remaining assertions in paragraph 14, therefore the defendants deny the same.

15.	The Federal Defendants deny that any injuries, if sustained, were proximately caused the by the negligent act or omission of a Federal employee acting in scope of official duty, but is without sufficient information to form an opinion regarding the truthfulness of the remaining assertions in paragraph 15 (a - d), therefore the defendants deny the same.

**V.	Cause of Action Against G & K Services, Inc.**

16.	The Federal Defendants adopt and incorporate by reference its responses to paragraphs 1 - 15.

17.	Allegations against G&K Services, Inc. should be answered by G&K Services, to the extent an answer is required, the allegations of paragraph 17 are denied.

18.	Allegations against G&K Services, Inc. should be answered by G&K Services, to the extent an answer is required, the allegations of paragraph 18 are denied.

19.	Allegations against G&K Services, Inc. should be answered by G&K Services, to the extent an answer is required, the allegations of paragraph 19 are denied.

20.	Allegations against G&K Services, Inc. should be answered by G&K Services, to the extent an answer is required, the allegations of paragraph 20 are denied.

**VI.  Claim of Murray Martin**

21. The Federal Defendants adopt and incorporate by reference its responses to paragraphs 1 - 20.

22. The Federal Defendants deny the allegations of paragraph 22 of the complaint.

WHEREFORE, the plaintiff is entitled to no recovery from the Federal Defendants, and this cause is due to be dismissed with all allowable costs being taxed to the plaintiff.

## CROSS - CLAIM OF DEFENDANT UNITED STATES

NOW ASSUMING the position of cross - claim plaintiff as to cross - claim defendant, G & K Services, Inc., the Defendant United States avers as follows:

1. At all relevant times herein, the United States, by and through its agency, the Department of Defense, Army and Air Force Exchange Service (AAFES) had a written contract with G & K Services, wherein G & K Services agreed to provide and maintain the mats/rugs which are the item(s) alleged to have been the cause of the plaintiffs' damages.

2. Said contract between the cross - claim plaintiff and cross - claim defendant stipulated that cross - claim defendant would "indemnify, hold harmless and defend AAFES and all other agencies and Instrumentalities of the United States, their agents, representatives, employees and customers from any and all suits, judgments and claims,

including those established by or pursuant to court decisions, . . . . , which arise out of any, . . . , injury alleged or established to have arisen out of or in connection with items or services provided contractor . . . "

 3. Pursuant to the terms of the contract, the cross - claim defendant was given notice of this suit and the opportunity to defend.

 WHEREFORE, without admitting any liability to the plaintiffs, the defendant/cross - claim plaintiff avers that in the event of a judgment against it in favor of the plaintiff, defendant/cross -claim plaintiff is entitled to indemnification by defendant/cross - claim defendant in an amount equal to that recovered by plaintiff from defendant/cross - claim plaintiff

 Respectfully submitted this 25th day of April, 2008.

        LEURA G. CANARY
        United States Attorney

      By: s/R. Randolph Neeley
        R. RANDOLPH NEELEY
        Assistant United States Attorney
        Bar Number: 9083-E56R
        Post Office Box 197
        Montgomery, AL  36101-0197
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        **E-mail: rand.neeley@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, M. Dale Marsh, and defendant / cross - claim defendant's attorney, Caroline T. Pryor.

/s/R. Randolph Neeley  
Assistant United States Attorney
